UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
DANIEL CLAY,

                      Plaintiff,

v.

SERGEANT JOHN DOE, et al.,

                    Defendants.

--------------------------------------------------------X

**ORDER**

20-CV-07692 (PMH)

PHILIP M. HALPERN, United States District Judge:

As set forth in the Court's November 17, 2021 Order, prior to dismissing this action, the Court expressly provided Plaintiff with five opportunities to amend his complaint to name the John Doe defendants that he wished to sue. (*See* Docs. 7, 11, 13, 14, 16). Plaintiff never filed an amended complaint, and ultimately, on November 17, 2021, the Court dismissed this action under 28 U.S.C. § 1915(e)(2)(B)(ii). (Doc. 17). On December 9, 2021, the Court received a letter from Plaintiff dated November 29, 2021, requesting that the Court reopen the action and permit him to file an amended complaint. (Doc. 18). The Court liberally construes Plaintiff's letter as a motion for reconsideration under Local Civil Rule 6.3 and to alter or amend judgment under Federal Rule of Civil Procedure 59(e).

"[T]he standards governing Fed. R. Civ. P. 59(e) and Local Civil Rule 6.3 are the same." *R.F.M.A.S., Inc. v. Mimi So*, 640 F. Supp. 2d 506, 509 (S.D.N.Y. 2009). The movant must demonstrate that the Court overlooked "controlling decisions or factual matters" that had been previously put before it. *Id.* at 509 (discussion in the context of both Local Civil Rule 6.3 and Fed. R. Civ. P. 59(e)). "Reconsideration is not a procedural mechanism used to re-examine a court's decision. Nor should a reconsideration motion be used to refresh failed arguments, advance new arguments to supplant failed arguments, or relitigate issues already decided." *Murray v. Dutcavich*,

No. 17-CV-9121, 2020 WL 3318212, at *1 (S.D.N.Y. June 18, 2020). Motions for reconsideration "must be narrowly construed and strictly applied in order to discourage litigants from making repetitive arguments on issues that have been thoroughly considered by the court." *Range Road Music, Inc. v. Music Sales Corp.*, 90 F. Supp. 2d 390, 391-92 (S.D.N.Y. 2000).

Plaintiff attempts to demonstrate that he had good cause for failing to timely file an amended complaint. He alleges that "[h]arassment by prison officials hindered [his] ability to litigate." (Doc. 18 at 1). Specifically, he alleges that in August 2020 he was transferred to Midstate Correctional Facility and placed in an Intermediary Care Program for prisoners with mental health deterioration, and that he should not have been so transferred. (*Id*.). He alleges that in January 2021 he was transferred back to Fishkill and an altercation occurred with one of the prisoners in the room with him. (*Id*.). He was interviewed by prison officials; Plaintiff alleges that the act of being taken off the housing unit for interview placed him in danger, thus preventing him from filing an amended complaint. (*Id*. at 1-2).

Although Plaintiff's motion speaks to a time period relevant to one of the Court's prior Orders directing an amended complaint (*i.e.*, January 2021),[1] Plaintiff does not explain what prevented him from filing an amended complaint when the Court ordered him to do so by March 8, 2021 (Doc. 11); or by April 8, 2021 (Doc. 13); or by September 24, 2021 (Doc. 14); or by November 8, 2021 (Doc. 16). Because Plaintiff fails to demonstrate cause for his failure to comply with four Court Orders and to timely file an amended complaint, Plaintiff's motion for reconsideration (Doc. 18) is DENIED.

---

[1] The Court's October 20, 2020 Order directed Plaintiff to amend his complaint within thirty days of receipt of information from the New York State Attorney General ("NYAG") identifying John Doe defendants who Plaintiff alleged assaulted him at Downstate. (Doc. 7). The NYAG's letter was filed on December 4, 2020. (Doc. 10). Accordingly, Plaintiff's first deadline to amend his complaint expired on January 4, 2021.

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

Dated:  White Plains, New York
        December 20, 2021

SO ORDERED:

_____
Philip M. Halpern
United States District Judge

3